STATE, RESPONDENT, *v.* LEWIS AND CLARK COUNTY ET AL., APPELLANTS.

(No. 6,407.)

(Submitted February 11, 1929. Decided February 18, 1929.)

[274 Pac. 855.]

*Mr. George W. Padbury,* and *Mr. A. P. Heywood,* for Appellants, submitted a brief.

*Mr. L. A. Foot,* Attorney General, and *Mr. James W. Scott,* Assistant Attorney General, for Respondent, submitted a brief; *Mr. L. V. Ketter,* Assistant Attorney General, argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The complaint discloses that on the 15th of October, 1917, Edward Cody executed to the state of Montana a mortgage upon land situated in Lewis and Clark county, to secure the payment of $1,300. Being unable to comply with the provisions of the mortgage and in order to obviate its foreclosure, Cody, on March 17, 1924, conveyed the land to the state. In the deed he reserved the right to repurchase the property on or before June 18, 1925, as provided by section 1938 of the Revised Codes of 1921, as amended by Chapter 94 of the Session Laws of 1923. But he did not avail himself of that right.

Ever after March 17, 1924, the land was the property of the state. Notwithstanding this, the taxing officers of Lewis and Clark county, during the year 1927, listed and assessed the property for taxation at the taxable value of $520, in consequence of which the county treasurer claimed a tax against the property to the amount of $29.89, which he demanded. The state, on November 30, 1927, paid the amount of the tax under protest and began this suit to recover the same. A general demurrer to the complaint was overruled and, the defendants refusing to answer, the court entered judgment in favor of the plaintiff, from which the defendants have appealed.

Upon what theory the county authorities assume to assess the state's land and to levy a tax thereon, in view of the constitutional and statutory provisions exempting state property from taxation, it is difficult to conjecture. Section 2 of Article

XII of the Constitution provides that "the property of the United States, the state, counties, cities, towns, school districts, municipal corporations, and public libraries shall be exempt from taxation." Section 1998, Revised Codes 1921, provides that "the property of the United States, the state, counties, * * * are exempt from taxation." The language could not be plainer. The action of the taxing authorities in attempting to tax this land, admittedly the property of the state, was unwarranted and inexcusable.

It is said in appellants' brief that this is a "test case." A test of what? The language of the Constitution is clear. There is in this case neither Constitution nor statute to be construed. Nothing that this or any other court can say will make any plainer the clear provision of section 2 of Article XII of the Constitution and the same is true of the applicable statute.

We add, perhaps unnecessarily, that not by any device, pretext or subterfuge can the property of the state be taxed.

The judgment is affirmed.

ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.

MR. JUSTICE ANGSTMAN, being disqualified, takes no part in the foregoing decision.